William Brandenburg Company, Appellee, v. George Spitz, Appellant.

Gen. No. 35,277.

Opinion filed October 19, 1931.

ARTHUR V. GOEBEL, for appellant.

WERNER H. SOMMERS and WALTER F. SOMMERS, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff sued defendant upon a promissory note dated December 12, 1930, for $175, due 60 days after date, with interest at 6 per cent per annum, to the order of defendant, signed "Lakewood Plaza Apt. Hotel by George Spitz, Secretary."

The statement of claim averred that defendant was personally liable on this note because at the time the note was executed there was no such corporation as the Lakewood Plaza Apartment Hotel licensed to do business in Illinois and there has been none organized since that time. The statement of claim apparently relies on paragraph 149, chapter 32 (the General Incorporation Act) which provides:

"If any person or persons being, or pretending to be, an officer or agent or board of directors of any corporation, or pretended corporation shall assume to exercise corporate powers or use the name of such corporation or pretended corporation before it has been authorized to do business, under the laws of this State, then they shall be jointly and severally liable in the name of such corporation or pretended corporation, and suits at law may be prosecuted therefor by creditors individually."

The affidavit of merits averred that the note was executed in renewal of another note of the Lakewood Plaza Building Corporation of which defendant was secretary; that defendant received no consideration for the note but that defendant apparently inadvertently executed the note in the name of the Lakewood Plaza Apartment Hotel instead of the Lakewood Plaza Building Corporation.

Upon trial the court excluded the evidence tending to show this defense, made a finding for plaintiff and entered judgment thereon. Defendant admitted upon the trial that no such corporation as the Lakewood Plaza Apartment Hotel was in existence when he signed the note and stated when called as a witness by plaintiff that he never had any connection with a corporation of that name and that there was never at any time any such corporation to his knowledge. He said that he saw the note upon the date which it bears; that he signed it at that time and mailed it to plaintiff. By way of defense defendant undertook

to show a conversation with a Mr. Peterson, who represented plaintiff before the note sued on was signed, but an objection by plaintiff was sustained by the court because the conversation occurred before the signing of the note. The record indicates that later the court reversed its ruling, but apparently defendant did not continue the examination on this point. Defendant was then asked whether there was another note in the hands of plaintiff on December 12 when the note sued on was executed, but an objection by plaintiff to this question was sustained. An objection to evidence tending to show that after mailing the note sued on to plaintiff, plaintiff returned to defendant another note signed by the Lakewood Plaza Building Corporation, was also sustained. The president of the Lakewood Plaza Building Corporation was called as a witness by defendant, but questions as to whether that corporation had any business dealings with plaintiff and as to whether it ever gave a note to plaintiff were objected to by plaintiff and the objections were sustained.

We think the court erred in these rulings. Defendant had a right to show the facts with reference to the execution of both notes and that the second note was given in consideration of the first. This evidence was material because, if true, it tended to show that the execution of the signature to the second note was inadvertent as averred in the affidavit of merits. The statute upon which plaintiff relies is highly penal in its nature and is not intended to apply to a case where a supposed name of a corporation which does not in fact exist is used by inadvertence.

For the error in excluding the evidence offered, the judgment will be reversed and the cause remanded for another trial.

*Reversed and remanded.*

O'Connor, P. J., and McSurely, J., concur.